C. GOTZIAN & COMPANY v. H. C. HEINE and Another.[1]

November 21, 1902.

Nos. 13,166—(109).

## Accommodation Note as Security for Mortgage Debt.

One who signs a promissory note for the accommodation of the maker, with knowledge of the fact that the debt evidenced by the note is secured by a mortgage, in the absence of an agreement to the contrary, is presumed to be surety only, and the note so signed is presumed to be collateral to the mortgage. In such case the maker has no authority to agree with the payee that the note shall be received in part payment of the mortgage debt.

## Discharge of Surety.

If the payee, under such circumstances, the security being sufficient, discharges the mortgage without exacting full payment of the mortgage debt, the surety is thereby discharged.

Action in the district court for Lyon county to recover from defendants, H. C. Heine and J. M. Wardell, $325, and interest, upon a promissory note. Defendant Heine interposed his discharge in bankruptcy. The case was tried before Webber, J., who directed a verdict in favor of defendant Wardell. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Philip Gilbert*, for appellant.

*Korns & Johnson*, for respondent.

LEWIS, J.

Defendant Heine was indebted to plaintiff in the sum of $1,100, which was secured by a second mortgage on certain of defendant's real estate. The debt was not paid when due, and foreclosure proceedings were commenced, and while such proceedings were still pending an attorney by the name of L. S. Thomas, representing plaintiff, called on Heine at Tracy, and entered into negotiations for the purpose of arriving at a settlement. As the result of that interview, a settlement was made, by the terms of which Heine executed three new notes for the amount then due, two for $400 each, and one for $300, and, at the request of Thomas, secured the

[1] Reported in 92 N. W. 398.

signature of defendant Wardell to the second due $400 note. The agreement was reduced to writing, signed by Gotzian & Co., per Thomas, and by Heine, and provided that the total amount due and secured by the mortgage was $1,100; that, of the three new notes executed that day, the one of $400, signed by Wardell, was accepted as part payment of the sum owing, leaving a remainder of $700 due on the mortgage, and that the foreclosure proceedings were dismissed without prejudice, and without affecting the validity of the mortgage; and that the two notes without an indorser were held as collateral.

Pursuant to this agreement, the mortgage foreclosure proceedings were dismissed; and, in due course of time, Heine paid the first note due of $400, and subsequently paid $100 on the second note of $400. Nothing more was paid, and proceedings in foreclosure were again commenced; and in that action plaintiff claimed that the whole amount remaining unpaid was due and secured by the mortgage, and did not claim that the secured $400 note, signed by defendant Wardell, was taken in payment. That action was also settled and dismissed, judgment entered accordingly, and the mortgage satisfied in full.

The plaintiff then commenced the present action to recover the balance due upon the $400 note signed by defendant Wardell. Wardell defends upon the ground that he was merely an accommodation indorser, and that the note was collateral security to the mortgage; that plaintiff knew this fact, and that the property secured by the mortgage was of sufficient value to pay the indebtedness in full; and that, by satisfying the mortgage, plaintiff had to that extent satisfied the debt for which Wardell was obligated as surety. At the close of the trial the court directed a verdict for defendant, and from an order denying plaintiff's motion for a new trial, appeal was taken.

There is only one question which deserves notice, and that is this: Does it conclusively appear from the evidence that respondent Wardell executed the note with knowledge of the mortgage, and with the understanding that the note he signed was collateral thereto? In deciding this question, it must be admitted that respondent had had no conference with appellant, did not know

whether the mortgage foreclosure proceedings were to be dismissed, and did not exact from Heine any positive agreement as to the relation the note he was executing should bear to the mortgage. It will be conceded that Thomas was authorized to enter into and execute the agreement by the terms of which the Wardell note was to be received in payment. We will also concede that, in the second mortgage foreclosure proceedings, appellant inadvertently declared the entire amount of the debt was secured by the mortgage, and that it is not estopped by such declaration. But if, in fact, respondent executed the note as security, collateral to the mortgage, then Heine had no authority to enter into an agreement binding respondent to assume a different relation to appellant.

Although Mr. Wardell's testimony on this subject, as viewed from the standpoint of cross-examination, may seem to be somewhat equivocal and indefinite, yet it positively appears that he knew about the mortgage, that appellant was pressing Heine for settlement, and that he executed the note with knowledge that the mortgage was then in force, and the question resolves itself to simply this: What is the legal inference to be drawn from the mere fact of his executing the note, knowing there was already in existence a mortgage securing the same debt? The relation respondent assumed, under such circumstances, was that of surety, and the note which he executed became collateral to the mortgage. To change this relation, it would be necessary for Mr. Heine to receive direct or positive authority authorizing him to enter into the contract with appellant. There is no evidence in the case of that character. It follows, therefore, that if appellant held sufficient security to liquidate the entire indebtedness, and without the consent of the surety it satisfied the mortgage, then in that act the surety was released, and respondent was entitled to judgment.

Order affirmed.